E. STEEL et al. *v.* E. SMITH et al.

Property seized in execution shall not be adjudged at the first crying, if the price offered does not reach two-thirds of the appraisement. C. P. 680.

A *bona fide* possessor is liable for rents, only from the institution of the suit. C. C. 495.

Plaintiff in a petitory action cannot recover rents from a warrantor whom the defendant has called in to defend the suit.

APPEAL from the District Court of the Parish of Madison, *Perkins*, J.  *W. Perkins*, and *J. B. Bemiss*, for plaintiff.

*Stacy & Sparrow*, for defendants and appellants:

Defendants contend that the estate of *Groves* acquired a good title to the land in controversy, by the adjudication at the Sheriff's sale. The notices of seizure, advertisements, sheriff's deed and return, are all correct as to the description of the land. But the sheriff committed a clerical error in his description of the number of acres in the tract, and led the purchaser into the same error. It is not disputed, that all the parties acted in the most perfect good. faith. The sheriff intended to sell, and the purchaser intended to buy the whole tract at two-thirds of its appraised value. This is undisputed. Every thing concurred to constitute a perfect contract of sale—the parties—the thing—the price and the consent. C. C. Art. 2414. But a slight error occurring in the description of the thing, the price bid was not legally sufficient. Can that error or aught it to affect the title of the purchaser buying in good faith, who is now ready and willing, and always has been, to *correct* that error, and to pay the amount he *in intention* bid, and would actually have bid, had he not been deceived? We think not. No person is injured by permitting him to ·*correct* that error. If the bid had been $100 more, and there had been the same erroneous description of the land, no one would contend that the title would not have been good, as the price was sufficient. As he really bid that amount in intention, we claim that the estate of *Groves* is only liable to pay an amount sufficient to make up what he would have bid in·fact, to have a perfect title to the land, and that this is not such an error as would vitiate the sale. C. Code, Arts. 1817, 1835, 1836, 1837, 1838 and 1839. 15 La. Rep. p. 312, and cases there cited.

OGDEN, J. On a judgment rendered against the plaintiff in this suit, in favor of the succession of *Moses Groves*, pending a devolutive appeal from the judgment, execution was issued, and a tract of land containing 126 acres, was seized and sold as the property of the plaintiff to satisfy the judgment, and bought by the administrator of *Groves'* estate, for the sum of $800, which was credited on the execution. Subsequently, the same property was adjudicated to the defendant in this suit, at a probate sale of the succession of *Moses Groves*. The judgment obtained against the plaintiff, was reversed on the appeal, and the case remanded for a new trial; and on the second trial, a judgment was rendered in favor of the plaintiff discharging her from liability for the claim of *Groves'* estate, and the judmgent confirmed on appeal to this court. The present action is brought by the plaintiff to recover back the property which had been sold to satisfy the judgment firstrendered. Two grounds of irregularity in the Sheriff's sale to *H. H. Groves*, the administrator of *Moses Groves'* estate, are alleged as sufficient to have it declared null and void, and entitle the plaintiff to restitution of the property. The first is, that the sale was made for less than two-thirds of the appraisement at the first crying of the property for cash; and the second, that the appraisers were not sworn. The land sold was appraised at $10 per acre, but erroneously described in the appraisement, as containing only one hundred and twenty acres; the quantity which was actually levied upon, advertised for sale and adjudicated by the Sheriff, was one hundred and twenty-six acres, and the price of $800, for which it was adjudicated, was less than two-thirds of the appraisement at $10 per acre. The law is express, that the property seized in execution, shall not be adjudged at the first crying, if the price offered does not reach two-thirds of the appraisement. C. P. Art. 680.

The Sheriff's sale, therefore, to *Groves*, did not confer a title conclusive *per se*, on the defendant, but one liable to be attacked, within five years, by the defendant in execution, by reason of this non-compliance with the requisites prescribed by law for Sheriff's sales. On the trial, the plaintiff offered in evidence a deed to the property, which was objected to by the defendant, and a

bill of exceptions taken to its admission. We consider it unnecessary to notice the grounds of the objection, as we are of opinion that the evidence was unnecessary to support the plaintiff's action, for the reason that the defendant sets up title under his purchase from *Groves'* estate, and the administrator of *Groves'* estate, being called in warranty, sets up title under the Sheriff's sale, and therefore neither of them are at liberty to question the title of their common author. *Bedford* v. *Urquhart*, 8 L. R. 234. For the same reason, the objection taken on the trial, to the introduction, by the plaintiff, in evidence of the sheriff's deed and other proceedings in the suit of *Groves*, Administrator, v. Mrs. *Steel*, was properly overruled. The question next presented is, to what extent the defendant is liable for the fruits and revenues of the property. The court below rendered judgment for rents from the time that the defendant went into possession under the sale to him from *Groves'* estate. In this, we think the court erred, there was no defect on the face of the title derived by defendant from the probate sale of *Groves'* estate, which would prevent him from being considered a *bona fide* possessor, and he continued to be so until the institution of the suit. C. C. Article 495. The plaintiff is therefore only entitled to rents from that time, and in regard to the amendment of the judgment asked for by the plaintiff against the warrantor, to render him liable for rents for the time during which the property was in possession of *Groves'* estate. We are not aware of any principle of law which would authorize the plaintiffs in a petitory action, to recover rents from the warrantor called in by the defendant. The warrantor is a party defendant in the suit, as regards the plaintiffs, only in the sense of entitling him to resist, by all legal means of defence, a judgment against the defendant, which by reason of the recourse over in warranty against him, would affect his interest, but no judgment can be rendered against him except one in favor of the defendant for such amount as he may be liable for on his warranty. The judgment of the court below is correct, except in regard to the rents.

The case not being presented in such a shape as to enable us to estimate with accuracy the rents which have accrued since the suit, it will be remanded to settle the question as to the amount of rents the plaintiff is entitled to recover from the date of judicial demand.

It is therefore ordered, adjudged and decreed, that the judgment of the court below be affirmed, except that part of the decree for rent, which it is further ordered, be avoided and reversed, and the case remanded to settle the amount of rents accrued since the institution of the suit, and that the costs of this appeal be paid by the plaintiff; those of the court below, by the defendants and warrantors.